LOURIE, Circuit Judge,
dissenting from en banc Section III. A. 2.
I respectfully dissent from the court’s en banc holding in Section III. A. 2 that product-by-process claims always require use of the recited process in order to be infringed.
I agree that there is substantial Supreme Court precedent that holds that product-by-process claims require use of the recited process for there to be infringement. However, many of those cases applied overly broad language to fact situations involving old products or used vague language that makes it difficult to determine whether the products were old or new. Clearly, however, when a product is old, a product-by-process claim cannot be interpreted as a claim to the product made by any means. The product is old and unpatentable per se. BASF in fact involved an old product. See Cochrane v. Badische Anilin & Soda Fabrik, 111 U.S. 293, 311, 4 S.Ct. 455, 28 L.Ed. 433 (1884) (“It was an old article.”).
There is arguably a different situation that should apply to chemical-biological products today than to mechanical products of more than a century ago. When a product is new and the inventor claims it by a process of preparation, I fail to see why the product-by-process claim should not be interpreted as a product claim that can be infringed even when the product is made by means other than that recited in the claim. Supreme Court precedent dealing with old products, while utilizing broad language, does not foreclose that possibility. The Court years ago did not have occasion to consider today’s innovations or decide whether a distinction should be made between a new chemical-biological product and an old product made by a new process.
And there may be differing results depending upon the exact wording of a claim at issue. For example, a claim reading “when made by” might only be infringed when the recited process is used by the accused, as it is situational. On the other hand, a claim reading “obtainable by” refers to capability, so it might not require use of the process to infringe. “Obtained by” is ambiguous. Bright lines have their uses, but judging should take account of differing circumstances. In addition, of course, in order to sustain any claim for infringement, a patent owner must prove that an accused product is the same as that covered by an asserted claim. If the reason a product was claimed by its process was that its structure was unknown, then, if, at the time infringement is asserted, there still is no means to ascertain structurally whether the accused product is the same as that claimed, the infringement claim fails. However, that should not mean that a new product claimed by a process of preparation cannot ever be infringed when made by another process.
It may be that with today’s analytical techniques there is little need for product-by-process claims. After all, claim 1 of the Abbott patent is a claim to a compound, not only by name, but also by certain of its characteristics. A claim to a product defined by its characteristics or properties surely is a proper claim.
However, product-by-process issues still seem to come before us and I would make a distinction between old products and new products in interpreting product-by-pro *1321 cess claims. Accordingly, I respectfully dissent from the court’s en banc holding.